UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00046-GNS

JONATHAN SHELTON   PLAINTIFF

v.

ZANE GREER, individually   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 34). The matter is ripe for adjudication. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. STATEMENT OF THE FACTS

The pertinent events here were recorded by the dashcam of Defendant Zane Greer ("Greer"), a police officer employed by the Glasgow, Kentucky, Police Department ("GPD"), and the bodycam footage of Trever Morrison, who is also a GPD officer. (Compl. ¶¶ 5, 7, DN 1-2; Dashcam Video 2:35 A.M. Feb. 23, 2019, DN 46; Morrison Bodycam Video, Feb. 23, 2019, DN 46). Greer attempted to pull over Plaintiff Jonathan Shelton ("Shelton") who was driving his vehicle at a speed exceeding 100 miles per hour on February 23, 2019. (Dashcam Video 2:32; Shelton Dep. 6:3-5, Oct. 14, 2021, DN 40-1). Shelton stopped his car, but when Greer exited his vehicle to perform the traffic stop, Shelton sped off. (Dashcam Video 2:38). Greer pursued Shelton in a high-speed chase. (Dashcam Video 2:38-6:00). Eventually, Shelton turned onto a dead-end road and was blocked by a residence and a parked vehicle. (Dashcam Video 6:00). Greer, along with other law enforcement officers, approached the vehicle to arrest Shelton. (Dashcam Video 6:05). Greer claims he saw something in Shelton's hand which appeared to be a

gun. (Greer Dep. 53:18-55:3, Nov. 4, 2020, DN 40-2). A struggle ensued as Greer attempted to arrest Shelton. (Morrison Bodycam Video 0:00-0:43). The dashcam footage shows Greer hitting Shelton repeatedly with the butt of his gun as Joseph Ford, a deputy with the Barren County Sheriff's Department, came around the front of the vehicle and began hitting Shelton with a baton. (Compl. ¶ 7; Morrison Bodycam Video 0:00-0:43). Eventually, officers were able to pin Shelton to the ground and arrest him. (Dashcam Video 6:05). A handgun was subsequently found in Shelton's vehicle. (Greer Dep. 164:22-165:14).

Shelton pled guilty to the following offenses: (1) Assault, 1st Degree-Police Officer; (2) Assault, 3rd Degree, Police/Probation Officer; (3) Possession of a Controlled Substance, 1st Degree (Oxycodone); (4-6) Wanton Endangerment, 1st Degree-Police Officer; (7) Fleeing or Evading Police (Motor Vehicle), 1st Degree; (8) Operating a Motor Vehicle under the Influence of Alcohol/Drugs; and (9) Resisting Arrest. (Guilty Plea, DN 34-3). Shelton subsequently filed this suit against Greer for excessive force in violation of 18 U.S.C. § 1983, in addition to several state law claims. (Compl., DN 1-2). Greer has moved for summary judgment on all claims against him pursuant to the *Heck* doctrine. (Def.'s Mot. Dismiss 7, DN 34).

## II. JURISDICTION

Jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

Greer moves for summary judgment on Compton's claims. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When bodycam footage of the events at issue

is available, "[t]o the extent that videos in the record show facts so clearly that a reasonable jury could view those facts in only one way, those facts should be viewed in the light depicted by the videos." *Latits v. Phillips*, 878 F.3d 541, 544 (6th Cir. 2017) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)). On the other hand, any relevant gaps or uncertainties left by the video must be viewed in the light most favorable to the nonmoving party. *Id.* (citing *Godawa v. Byrd*, 798 F.3d 457, 463 (6th Cir. 2015)).

## IV. DISCUSSION

### A. *Heck* Argument

Greer argues that Shelton's federal claim for excessive force, as well as his state law claims for assault and battery, are barred by Shelton's guilty plea. (Def.'s Mot. Dismiss 7). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established that a plaintiff does not have a cause of action under Section 1983 when establishing the claim "necessarily demonstrates the invalidity of the conviction" and the plaintiff's criminal conviction has not been reversed or invalidated. *Id.* at 481-82 (citation omitted). The *Heck* bar of a plaintiff's Section 1983 claim depends on whether success on the civil claim would negate an element of the criminal conviction. *Miller v. Vill. of Pinckney*, 365 F. App'x 652, 655 (6th Cir. 2010) (citing *Heck*, 512 U.S. at 487 n.6). If the Section 1983 claim would necessarily render Shelton's conviction invalid, his claim is not cognizable under Section 1983 unless he can "prove that his conviction has been invalidated in some way." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (citing *Heck*, 512 U.S. at 487).

In the excessive force context, a Section 1983 claim conflicts with a conviction "when the criminal provision makes lack of excessive force an element of a crime . . . [and] when excessive force is an affirmative defense to the crime." *Settles v. McKinney*, No. 3:12-CV-00368, 2013 WL 5346503, at *3 (W.D. Ky. Sept. 23, 2013) (alteration in original) (quoting *Schreiber v. Moe*, 596

3

F.3d 323, 334 (6th Cir. 2010)). Greer properly alleges that excessive force is an affirmative defense to a resisting arrest charge. *See Dobson v. Sandidge*, No. 1:20-CV-00115-GNS, 2021 WL 707657, at *2-3 (W.D. Ky. Feb. 23, 2021) (holding that plaintiff's Section 1983 excessive force charge was barred because excessive force could have been used as an affirmative defense to her resisting arrest charge); *Burke v. Forbis*, No. 3:18-CV-802-DJH-CHL, 2021 WL 2418574, at *3 (W.D. Ky. June 14, 2021) (holding that because the plaintiff's claim of excessive force "could have been asserted in criminal court as an affirmative defense" to his resisting arrest charge, his Section 1983 claim was barred).

In this case, however, there are questions of fact precluding the Court from ruling summarily that Shelton's Section 1983 claims are barred by *Heck*. "The Sixth Circuit [] has expressly limited the applicability of *Heck* based on the timing of the alleged excessive force." *Michaels v. City of Vermillion*, 539 F. Supp. 2d 975, 992 (N.D. Ohio 2008) (citing *Swiecicki v. Delgado*, 463 F.3d 489, 494-95 (6th Cir. 2006)). In *Michaels,* an excessive force claim was brought by a plaintiff who was convicted of resisting arrest. *Id.* at 992. The court found that *Heck* only bars the claim when "the force at issue is allegedly used *prior to, or in conjunction with*, the suspect's resistance." *Id.* (citation omitted). "When the alleged excessive force is used *after* the suspect ceases resisting arrest, the *Heck* rule does not apply." *Id.* (citation omitted). Similarly, in *Curran v. Aleshire*, 67 F. Supp. 3d 741 (E.D. La. 2014), the action giving rise to the plaintiff's conviction "was a swing at the officer which was followed by the events giving rise to the claims of excessive force." *Id.* at 749. The court held there was a dispute of material fact regarding whether "the events were conceptually distinct" and thus whether an excessive force claim "would necessarily imply the invalidity of [the plaintiff's] conviction." *Id*. (citation omitted).

4

In this instance, Shelton alleges that the excessive force occurred not during the arrest, but after he was handcuffed and on the ground. (Pl.'s Resp. Def.'s Mot. Dismiss 4, DN 39). Shelton points to a clip from the dashcam footage in which Greer purportedly lifts his foot and stomps on Shelton, who claims he was handcuffed and in a prone position. (Dashcam Video 10:17). If a jury accepts this account from the video and believes that Shelton was no longer resisting arrest, then Shelton's Section 1983 claim would not be barred by *Heck* because excessive force after the arrest would not invalidate his conviction. *Michaels*, 539 F. Supp. 2d at 992. Thus, the dashcam footage generates questions of fact that renders inappropriate a finding that Shelton's Section 1983 excessive force claim is barred by *Heck*.[1]

Greer argues that *Perdue v. Commonwealth*, 411 S.W.3d 786 (Ky. App. 2013), indicates that *Heck* should bar Shelton's excessive force claims. In *Perdue*, the court upheld a denial of a motion for directed verdict in which the defendant argued that the Commonwealth failed to meet its burden on a resisting arrest charge because the defendant was already arrested and in custody when his alleged resisting began. *Id.* at 790-91. The court held that "effecting an arrest" is a process that does not necessarily end when a defendant has been handcuffed . . . ." *Id.* at 793. The court concluded that under the facts of that case a reasonable jury could have found the officer had not yet arrested the defendant when he began to resist. *Id.* In this case, a reasonable jury could find that Shelton had been fully arrested and had stopped resisting, such that the alleged excessive force was not barred by *Heck*.[2]

---

[1] Shelton also points to deposition testimony from another officer on the scene, Officer Mason Wethington, which Shelton claims supports his allegations and interpretation of the dashcam footage. (Pl.'s Resp. Def.'s Mot. Dismiss 4). This deposition testimony, however, has not appear to have been filed into the record.

[2] Greer also argues that Shelton's Section 1983 claim is barred because of Shelton's assault conviction, but the same timing analysis applies making summary judgment inappropriate.

The same is true for Shelton's state assault and battery charges, which Greer argues are barred by Shelton's guilty plea. (Def.'s Mot. Dismiss 7). Greer points to *Windham v. Kitchens*, No. 5:02-CV-61, 2007 WL 1035145 (W.D. Ky. Mar. 30, 2007), where the Court found that the plaintiff's assault and battery charges were barred by collateral estoppel. *Id.* at *6. This Court explained:

> In comparing KRS 508.025 to the common law elements of assault and battery, the one shared element between the claims is the "intent" element. In the state court action, a jury found the Plaintiff guilty of third degree assault for causing or attempting to cause physical injury to Officer Kitchens. As such, the state law claims cannot go forward because they are precluded under the doctrine of collateral estoppel.
>
> Here, the elements of collateral estoppel have been met because: the intent issue in this matter as well as the prior state court matter were identical; the issue was litigated in the state court matter; and the issue was necessary in order to find the Plaintiff guilty of third degree assault. Accordingly, the doctrine of collateral estoppel precludes the state law claims asserted by the Plaintiff against the Defendants in this matter.

*Id.* (internal citation omitted). However, in Windham the alleged excessive force and resisting arrest occurred simultaneously. *See id.* ("[T]hey claim that Ms. Windham pushed the officers from the doorway and 'violently fought' them both for five (5) minutes, injuring Officer Shaw's right wrist and Officer Kitchens' right knee."). In this instance, the alleged assault and battery are claimed to have occurred **after** Shelton had ceased resisting arrest. (Dashcam Video 10:17). Since this alleged subsequent alleged assault would not necessarily invalidate Shelton's guilty plea for assault or resisting arrest, summary judgment on these claims is inappropriate.[3]

---

[3] Punitive damages can be a remedy for excessive force claims. *See Kidis v. Reid*, 976 F.3d 708, 713 (6th Cir. 2020). Therefore, since Shelton's excessive force claim remains, his request for punitive damages also survives.

### B. Negligence Claims

Greer also argues that Shelton's state law negligence claim fails as a matter of law. (Def.'s Mot. Dismiss 9). In *Ali v. City of Louisville*, No. 3:03CV-427-R, 2006 WL 2663018 (W.D. Ky. Sept. 15, 2006), the Court found that the plaintiff was "incorrect in his assertion that a police officer's use of excessive force can be analyzed as a negligence claim." *Id.* at 8. This Court noted:

> There is no such thing as a negligent battery. *See* Rest. (Second) Torts § 13. Where the officer may have mistakenly believed that he needed to use the amount of force that he did, that does not change the fact that initial action was intentional, or alter the objective analysis of whether the force he ultimately used was excessive. Thus, where an unwanted touching (a battery), which is inherent in any arrest, escalates beyond that which is reasonably necessary into excessive force, the cause of action is solely for battery, with the officer's privileged use of force ending when the excessive force began. To permit a separate claim for negligence creates the risk that a jury would assume that, even if no excessive force were used, the officer might somehow still be liable for some undefined negligence. Such a result is doctrinally unsupportable and unacceptable, because each time an officer uses force, he commits an intentional act of battery for which he is liable, unless he is clothed by a privilege permitting him to use a reasonable amount of force . . . .

*Id.* at *8. Accordingly, summary judgment is appropriate for Greer on Shelton's negligence claim.

### IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 34) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's negligence claim is **DISMISSED**, but all other claims remain.

Greg N. Stivers, Chief Judge
United States District Court

August 15, 2022

cc: counsel of record